IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


CLIFFORD JOHNSON                                                                    PLAINTIFF

vs.                                   Civil No. 4:11-cv-04025

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Clifford Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for DIB on August 2, 2007.  (Tr. 83-89).  Plaintiff alleged he was disabled due to heart problems, liver and kidney failure, high blood pressure, and a collapsed vein in the right leg.  (Tr. 109).  Plaintiff alleged an onset date of June 12, 2007.  (Tr. 109).  This application was denied initially and again upon reconsideration.  (Tr. 36-46, 54-57).  Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 56-59).

Plaintiff's administrative hearing was held on June 26, 2009, in Little Rock, Arkansas. (Tr. 17-35). Plaintiff was present and represented by Denver Thornton, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") William Elmore, testified at this hearing. *Id.* On the date of the hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 20-21).

On September 17, 2009, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB. (Tr. 8-16). In this decision, the ALJ determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") through 2007 (Tr. 14, Finding 2). The ALJ determined Plaintiff had severe impairments of coronary artery disease; history of renal failure (resolved); post cardiac arrest; liver failure (resolved); alcoholism in remission; and deep vein thrombosis (DVT) in his leg. (Tr. 15, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15, Findings 4,5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work activity, including lifting no more than 20 pounds at a time and frequently lifting or carrying objects weighing up to 10 pounds. (Tr. 15, Findings 5,7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.15, Finding 6). The ALJ

determined Plaintiff's PRW included work as a poultry line loader and service floorman. (Tr. 15). Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ then used Medical-Vocational Guidelines Rule 202.21 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.21. (Tr. 15, Finding 11). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 15, Finding 12).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.984(b)(2). On December 30, 2008, the Appeals Council declined to review this determination. (Tr. 1-3). On March 11, 2011, Plaintiff appealed the ALJ's decision to this Court. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 5, 6. The parties consented to the jurisdiction of this Court on April 12, 2011. ECF No. 3.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 5 at 3-18. Specifically, Plaintiff claims the ALJ erred (1) in evaluating his subjective complaints, (2) in failing to find Plaintiff's obesity a severe impairment, and (3) in his use of the Medical-Vocational Guidelines to reach a conclusion of "not disabled." In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 6. Because this Court finds the ALJ erred in his use of the Medical-Vocational Guidelines to reach a conclusion of "not disabled.", this Court will only address this issue Plaintiff raised.

Plaintiff argues the ALJ erred by failing to include Plaintiff's nonexertional limitations in his RFC determination. Defendant argues the ALJ's determination that Plaintiff has the RFC for light work activity is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). The ALJ also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

If the ALJ properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Grids and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs *other than the strength demands*." 20 C.F.R. § 404.1569a(a)(emphasis added). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1)

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden, and not the Commissioner's burden, to prove functional capacity. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). The ALJ found Plaintiff had the RFC for the full range of light work. (Tr. 15). Based on the finding that Plaintiff could perform the full range of light work, the ALJ did not seek the testimony of a VE to support his RFC determination. However the RFC determination is not supported by substantial evidence because of the existence of nonexertional limitations as discussed below.

Plaintiff argues the ALJ failed to find his obesity as an impairment. Plaintiff is 6' tall and weighed 350 pounds at the time of his hearing on June 26, 2009. (Tr. 20). In June of 2007, Plaintiff suffered a heart attack. At that time his weight was 230 pounds. (Tr. 21). Medical records show Plaintiff was diagnosed as obese even when he weighed significantly less. On October 5, 2007, Plaintiff was treated at the Medical Center of South Arkansas for complaints of chest pain. (Tr. 361-372). When discharged, Plaintiff was diagnosed, among other things, with obesity. (Tr. 362). One month prior to this treatment, Plaintiff weighed 252 pounds. (Tr. 226). Plaintiff has also been diagnosed with hypertension and heart disease. (Tr. 163, 219, 276). Obesity, hypertension, and heart disease are considered to be nonexertional impairments. *See Evans v. Chater*, 84 F3d. 1054, 1056 (8th Cir). Also, Plaintiff's testimony indicates he has had trouble with certain functions such as walking, bending, climbing, and using stairs. (Tr. 27-28). Plaintiff also indicated experiencing fatigue as a result of his health. (Tr. 27).

After reviewing the record, this Court finds the ALJ's RFC determination is not supported by substantial evidence because the existence of nonexertional limitations should be included in any decision regarding the Plaintiff's RFC. These nonexertional limitations, include obesity,

7

hypertension and heart disease. When the ability to perform a full range of work for a particular exertional level is compromised by the existence of nonexertional limitations, the ALJ is required to consult a VE regarding the effect of those limitations on the availability of work. *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998). This matter should be remanded for the purpose of addressing Plaintiff's nonexertioanl limitations and, if needed, the testimony of a VE regarding the effect of all such limitations on the availability of work for the Plaintiff.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this 21st **day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8